UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELAINE BATACAN,

    Plaintiff - Appellant,

V.

RELIANT PHARMACEUTICALS; et al.,

    Defendants - Appellees.

No. 05-15714

D.C. No. CV-03-00578-KSC

**JUDGMENT**

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 04/18/07



FILED

APR 18 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 4 2007

at 4 o'clock and 30 min. PM
SUE BEITIA, CLERK

| | |
|---|---|
| ELAINE BATACAN,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>RELIANT PHARMACEUTICALS, INC.,<br><br>Defendants - Appellees. | No. 05-15714<br><br>D.C. No. CV-03-00578-KSC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Samuel P. King, Senior Judge, Presiding

Argued and Submitted March 16, 2007
San Francisco, California

Before: HUG, W. FLETCHER, and BEA, Circuit Judges.

Elaine Batacan appeals the district court's grant of summary judgment in favor of Reliant Pharmaceuticals, Inc. ("Reliant"). Batacan also appeals the district court's grant of judgment as a matter of law on her common-law claim, as well as the district court's denial of her motion to compel discovery. Reliant

---

*   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

terminated Batacan from her job as a sales representative while she was on pregnancy-related leave. Reliant claims that Batacan was laid off as part of a company-wide reduction in force, but Batacan contends that she was discriminated against for taking maternity and disability leave. Seeking damages for this perceived discrimination, Batacan sued Reliant alleging violations of the Pregnancy Discrimination Act ("PDA"), the Family Medical Leave Act ("FMLA"), state anti-discrimination laws, and state common law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We must first address whether the district court erred in denying Batacan's motion to compel discovery. *See Diaz v. AT&T*, 752 F.2d 1356, 1362-63 (9th Cir. 1985). A district court's denial of a motion to compel discovery is reviewed for abuse of discretion. *Clark v. Capital Credit & Collection Serv., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006). The district court's denial of Batacan's motion to compel discovery for the reasons expressed in its order entered on March 4, 2005, does not constitute abuse of discretion.

Based on the evidence in the record, the district court did not err in granting summary judgment on Batacan's PDA claim. We review a district court's grant of summary judgment de novo and determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of

material fact for trial. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001); Fed. R. Civ. P. 56(c). The PDA prohibits discrimination based on "pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k). Batacan's PDA claim is subject to the familiar burden-shifting framework applied to Title VII cases that the Supreme Court established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572-73 (6th Cir. 2006). Assuming, as the district court did, that Batacan presented a genuine issue of fact regarding whether she established a prima facie case for discriminatory discharge, Reliant articulated a legitimate, non-discriminatory reason for Batacan's termination: the company-wide reduction in force. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 661 (9th Cir. 2002); *Winarto v. Toshiba Am. Elec. Components, Inc.*, 274 F.3d 1276, 1295 (9th Cir. 2001). Batacan failed to present "specific" and "substantial" evidence that Reliant's proffered reason was pretextual. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1066 (9th Cir. 2003); *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998). Thus, summary judgment was warranted.

Similarly, the district court properly granted summary judgment on Batacan's state-law claim. Batacan alleged that Reliant violated Hawaii Revised

Statute § 378 ("Chapter 378"), which, like the PDA, makes it unlawful for an employer to discriminate based on pregnancy. Haw. Rev. Stat. §§ 378-1, 378-2(1). The same burden-shifting framework used in Title VII cases also applies to pregnancy-discrimination claims under Chapter 378. *Sam Teague, Ltd. v. Haw. Civil Rights Comm'n*, 971 P.2d 1104, 1114 n.10 (Haw. 1999). Accordingly, as with the PDA claim, Batacan failed to establish a genuine issue of fact regarding pretext. Batacan's state-law claim is also based on Hawaii Administrative Rule § 12-46-108. Contrary to Batacan's assertion, however, § 12-46-108 does not compel an employer to reinstate an employee whose position was eliminated pursuant to a reduction in force just because she happens to be taking pregnancy-related leave at the time of the layoff. Rather, Chapter 378 (the statute from which § 12-46-108 is derived) only requires that pregnant employees be treated equally. It does not mandate that pregnant employees be given preferential treatment. Consequently, summary judgment on Batacan's § 12-46-108 claim was justified. *See Puana v. Sunn*, 737 P.2d 867, 870 (Haw. 1987) (noting that an agency's "authority is . . . limited to enacting rules which carry out and further the purposes of the legislation and do not enlarge, alter, or restrict the provisions of the act being administered").

Summary judgment was also properly granted on Batacan's FMLA claims. The FMLA entitles eligible employees to take a leave of absence after the birth of a child and mandates that any employee who takes leave must be restored to her position (or an equivalent position). 29 U.S.C. §§ 2612(a)(1), 2614(a)(1). At the same time, an employee "has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA period." 29 C.F.R. § 825.216(a); *see* 29 U.S.C. § 2614(a)(3). Accordingly, an employee taking FMLA leave may be terminated pursuant to a legitimate reduction in force. 29 C.F.R. § 825.216(a)(1). Because Batacan produced no specific or substantial evidence of pretext to rebut Reliant's non-discriminatory explanation for her termination, the district court properly found that she failed to establish a genuine issue of material fact on her FMLA claims.

Finally, the district court's grant of judgment on the pleadings in favor of Reliant on Batacan's state common-law claim for wrongful termination in violation of public policy was also proper pursuant to Federal Rule of Civil Procedure 12(c). A dismissal on the pleadings is reviewed de novo. *See Dunlap v. Credit Prot. Ass'n L.P.*, 419 F.3d 1011, 1012 n.1 (9th Cir. 2005). Under Hawaii law, a claim for wrongful termination in violation of public policy cannot be

brought "where the policy sought to be vindicated is already embodied in a statute providing its own remedy for its violation." *Ross v. Stouffer Hotel Co.*, 879 P.2d 1037, 1047 (Haw. 1994) (applying *Parnar v. Americana Hotels, Inc.*, 652 P.2d 625, 631 (Haw. 1982)). In this case, the PDA and Chapter 378 contain remedial schemes applicable to Batacan's complaint. *Hew-Len v. F.W. Woolworth*, 737 F. Supp. 1104, 1107-08 (D. Haw. 1990); *Lapinad v. Pac. Oldsmobile-GMC, Inc.*, 679 F. Supp. 991, 993 (D. Haw. 1988). Similarly, the FMLA has its own remedial scheme, including compensatory and liquidated damages, as well as injunctive relief.[1] *See* 29 U.S.C. § 2617. As a result, under *Ross*, pregnancy discrimination cannot form the basis of a wrongful termination claim under Hawaii law because the policy at issue is embodied in statutes providing their own remedy. Judgment as a matter of law was, therefore, appropriate, and the district court properly granted judgment on the pleadings. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

**AFFIRMED.**

---

[1] Batacan's reliance on *Liu v. Amway Corp.*, 347 F.3d 1125 (9th Cir. 2003), is misplaced because that case involved California law, which has not been limited in the same manner as Hawaii law. *Id.* at 1137.

INTERNAL USE ONLY: Proceedings include all events.
05-15714 Batacan v. Reliant Pharmaceuti, et al

| | |
|---|---|
| ELAINE BATACAN<br>    Plaintiff - Appellant | Daphne Barbee<br>808/533-0275<br>Ste 1909<br>[COR LD NTC ret]<br>1188 Bishop St.<br>Honolulu, HI 96813 |
| v. | |
| RELIANT PHARMACEUTICALS<br>    Defendant - Appellee | Barry W. Marr, Esq.<br>FAX 808/536-6700<br>808/536-4900<br>Ste. 1550<br>[COR LD NTC ret]<br>MARR HIPP JONES & WANG, LLP<br>Pauahi Tower<br>1001 Bishop St.<br>Honolulu, HI 96813 |
| JOHN DOES, 1-5<br>    Defendant - Appellee | No appearance<br>No appearance |
| DOE ENTITIES, 1-5<br>    Defendant - Appellee | No appearance<br>(See above) |